Edward R. Petkevis, Esq.
EDWARD R. PETKEVIS PC
1380 Hornberger Ave.
Roebling, NJ 08554
(609) 499-4300
EP 6940

Norman M. Hobbie, Esq.
HOBBIE, CORRIGAN & BERTUCIO, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
(732) 380-1515
NH 2679

ATTORNEYS FOR CLAIMANT
Eileen Casey

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>OF<br><br>CHRISTOPHER J. GRACE as owner of a 2010 18.5 Sea Ray runabout motor vessel for Exoneration from or Limitation of Liability | Civil Action No. 12-CV-2673 (JAP)<br><br>**Statement of Material Facts as to Which There Does Not Exist a Genuine Issue Pursuant to *L.Civ.R.* 56.1, in Support of Claimant's Motion for Summary Judgment**<br><br>**Returnable <u>January 22, 2013.</u>** |

Now comes the claimant, Eileen Casey, by her attorneys, Edward R

Petkevis, Esq., Edward R. Petkevis, PC, and Hobbie, Corrigan & Bertucio, P.C.,

and hereby moves this Honorable Court to dismiss the Complaint for Exoneration

from or Limitation of Liability of Petitioner, Christopher Grace, with prejudice, and in support hereof submits the following statement of material facts as to which there does not exist a genuine issue.

1.      On July 31, 2010, Eileen Casey was a passenger on board a recreational power vessel (a 2010 18.5 foot Sea Ray motorboat) owned and operated by Christopher Grace. (Exhibit D at ¶ 3).

2.      As the vessel proceeded on the Shrewsbury River, a navigable waterway, toward Sandy Hook Bay, an incident occurred in which petitioner, Eileen Casey, claimed she suffered personal injuries when the vessel encountered a wave/wake. (Exhibit D at ¶ 3).

3.      Eileen Casey retained counsel to represent her to pursue her claim for personal injuries; on August 1, 2011, her attorney, Norman H. Hobbie, of Hobbie, Corrigan & Bertucio, P.C., drafted a written notice to Christopher Grace of the claim for personal injuries. (See Exhibit C, affidavit of Dawn Soto, with attached Exhibits A and B).

4.      The notice was sent on August 2, 2011, directly to Christopher Grace, via regular mail and via certified mail, return receipt requested. (Exhibit C, and attached Exhibits A and B).

5.      The written notice of claim states that the attorneys for Eileen Casey were making a personal injury claim related to the incident, which occurred on

July 31, 2010, and requesting that the vessel owner, Christopher Grace, put it's liability carrier on notice of the claim. The notice of claim also states that the injuries alleged by Eileen Casey included two vertebral fractures which will require her to undergo spinal fusion surgery.  (Exhibit B).

6.    The certified mail was returned as unclaimed. (Exhibit C)

7.    On August 9, 2011, Bernice M Ford, a Senior claims Representative for International Marine Underwriters, representing the insurance company for Christopher Grace, wrote to Christopher Grace acknowledging receipt of the claim and confirming that they had been in contact with the attorneys for Eileen Casey. (Exhibit E, Petitioners Response to Claimant's Notice to Produce at ¶ 19, and attachment, Exhibit F).

8.    On May 4, 2012, the vessel owner and operator, Christopher Grace, filed the within petition seeking to limit his liability.  (Exhibit C)

9.    In addition to filing the complaint in limitation, the petitioner also posted an *ad interim* stipulation for value, certifying that the value of the vessel was $24,500. (Exhibit G)

10.   Whether the six-month period from receipt of written notice of loss is counted from August 2, 2011, the date the certified letter was sent, or from August 9, 2011, the date the insurance carrier confirmed receipt of the claim, in excess of six months passed between written notice of the claim to the

vessel owner, and the filing of the within petition seeking to limit liability.

/s/ Edward R. Petkevis
Edward R. Petkevis, Esq.
Attorney for Claimant
Eileen Casey

December 27, 2012

Edward R. Petkevis, Esq.
EDWARD R. PETKEVIS PC
1380 Hornberger Ave.
Roebling, NJ 08554
(609) 499-4300
EP 6940

Norman M. Hobbie, Esq.
HOBBIE, CORRIGAN & BERTUCIO, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
(732) 380-1515
NH 2679

ATTORNEYS FOR CLAIMANT
Eileen Casey

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>OF<br><br>CHRISTOPHER J. GRACE as owner of a 2010 18.5 Sea Ray runabout motor vessel for Exoneration from or Limitation of Liability | Civil Action No. 12-CV-2673 (JAP)<br><br>**Affidavit of Dawn Soto in Support of Claimants Motion for Summary Judgment**<br><br>**Returnable <u>January 22, 2013.</u>** |

State of New Jersey          )
                             ) ss
County of Monmouth          )

Dawn Soto, of lawful age, after being duly sworn, on her oath, based upon her own personal knowledge, testifies as follows:

**Exhibit C**

1.  I am a paralegal with the law offices of Hobbie, Corrigan & Bertucio, P.C.

2.  On August 2, 2011, I placed in the United States mail, postage prepaid a letter, a true and correct copy of which is attached hereto as exhibit A, addressed to Christopher J. Grace, Esquire, 6 Village Dr., Matawan, NJ, 07747.

3.  The letter was sent both regular mail and certified mail return receipt requested.

4.  The letter that was sent regular mail was not returned by the United States post office.

5.  The letter that was mailed certified mail was returned by the post office as unclaimed pursuant to the true and correct copy of the green card attached hereto as Exhibit B.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Dawn Soto

Dated:  12/18/12

Sworn to and subscribed
before me this  18  day
of  December , 2012.

_Christina Mannon_

**CHRISTINA ANN MANNON**
**A Notary Public of New Jersey**
**My Commission Expires December 1, 2014**



## Hobbie, Corrigan & Bertucio, P.C.

### Attorneys at Law

Norman M. Hobbie *

David P. Corrigan

Edward C. Bertucio *

Michael R. Hobbie

Jacqueline DeCarlo

Jeffrey Rosen *

Shantika E. Prather

Justin Lee Klein

* Certified by the Supreme Court
of New Jersey as a
Civil Trial Attorney

** Certified by the Supreme Court
of New Jersey as a
Criminal Trial Attorney

• Of Counsel

August 1, 2011

**VIA CERTIFIED MAIL, R.R.R.**
**And REGULAR MAIL**
Christopher J. Grace, Esq.
6 Village Drive
Matawan, New Jersey

RE:     **Our Client: Eileen Casey**
        **Date of Incident: July 31, 2010**

Dear Mr. Grace:

Please be advised that this firm represents the interests of Eileen Casey with respect to injuries (including two vertebral fractures which will require her to undergo spinal fusion surgery) she sustained while on your boat (Vessel No. NJ8767 HC) on July 31, 2010.

This shall serve as formal notification that Ms. Casey will be filing a personal injury claim related to the aforesaid incident. Therefore, I am requesting that you place your liability carrier on notice of said claim and instruct them to contact me as soon as possible. I am hereby requesting that any and all future communications and/or correspondence with regard to the above be directed to the undersigned.

Thank you for your anticipated cooperation. If you should have any questions or concerns, please do not hesitate to contact the undersigned.

Very truly yours,

NORMAN M. HOBBIE, ESQ.

NMH/jd

**Exhibit A**



7010 3090 0002 3276 3308

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

USPS EATONTOWN NJ 07724 — Postmark Here — 2011

Sent To: Christopher Grace
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006 — See Reverse for Instructions

CERTIFIED MAIL™

7010 3090 0002 3276 3308

UNITED STATES POSTAGE — PITNEY BOWES
02 1A
0004312959
$ 05.59⁰
AUG 02 2011
MAILED FROM ZIP CODE 07724

Christopher J. Grace, Esq.
6 Village Drive
Matawan, New Jersey 07747

8-3
~~8-8~~
8-18

NIXIE 086 CC 1 22 08/25/11
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 07724100199 *0551-01989-24-42

07724@1081

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

        of                                Civil Action No.:   CV

CHRISTOPHER J. GRACE                     IN ADMIRALTY
as owner of a 2010 18.5 Sea Ray
runabout motor vessel for Exoneration
from or Limitation of Liability,

                 Petitioner.
-----------------------------------------------------------x

## COMPLAINT FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

      CHRISTOPHER J. GRACE ("Petitioner"), by his attorneys RUBIN, FIORELLA &

FRIEDMAN LLP for his Complaint seeking Exoneration from or Limitation of Liability, alleges

upon information and belief, as follows:

      1.      This is a proceeding for Exoneration from or Limitation of Liability pursuant to

46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for

Admiralty or Maritime Claims, as hereinafter more fully appears.

      2.      Subject matter jurisdiction arises under 28 U.S.C. § 1333.

      3.      Petitioner, at all relevant times, was the owner of a 2010 18.5 foot Sea Ray

runabout motor vessel bearing Hull Identification No.: SERV2504C010 (the "Vessel").

- 1 -

**Exhibit D**

3.      On or about July 31, 2010, Eileen Casey ("Casey"), a 62-year-old experienced boater boarded the Vessel at Sea Bright, New Jersey for a day of boating.  Casey sat near the Vessel's bow on a cushioned seat. Petitioner requested that Casey to move to the rear of the Vessel but she refused saying she wanted to feel the "spray" from the waves strike her face. Other guests onboard the Vessel also requested that Casey move to the rear but she refused and remained seated near the bow. As the Vessel proceeded at a reasonable speed on the Shrewsbury River, a navigable waterway, toward Sandy Hook Bay, Casey claims that she sustained personal injury when the Vessel encountered a wave/wake. (the "incident").

4.      On or about **February 29, 2012,** Casey filed a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County encaptioned: *Eileen Casey v. Christopher J. Grace, Esq. et al.* bearing Docket No.:MON-L-950-12, in which Casey seeks unspecified money damages for personal injury arising out of the incident. On April 20, 2012, Defendant/Petitioner removed the case to federal court and was assigned Civil Action No. 12-02373 (JAP) (TJB).

5.      Any claims, injuries, losses, damages or expenses arising from the incident were not due to any fault, neglect, or want of care of Petitioner and occurred without Petitioner's privity or knowledge.

6.      The value of the Vessel on or about the date of the incident was TWENTY FOUR THOUSAND FIVE-HUNDRED DOLLARS ($24,500) (See **EXHIBIT A,** The Northern Assurance Company of America Boater's Choice Policy No.: N5JU33731, Declarations Page, Boat and Boating Equipment Limit).

7.      Pursuant to Supplementary Rule F of the Fed. R. Civ. P., Petitioner offers an *Ad Interim* Security in the amount of TWENTY FOUR THOUSAND FIVE-HUNDRED DOLLARS

($24,500), said amount being not less than the value of Petitioner's interest in the Vessel after the incident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

8.     Venue in this district is based on a lawsuit arising from the incident having been commenced within this District. Supplemental Rule F(9) of the Fed. R. Civ. P.

9.     Petitioner commenced this proceeding within six months of receipt of written notice of claim.

10.     Valid defenses exist under the facts and law from which Petitioner is entitled to Exoneration from Liability.

11.     Petitioners claim, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et. seq.* and the various statutes supplementary thereto and amendatory thereof.

12     Petitioner has provided security in the form of an *Ad Interim* Security for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner demands:

(1)     That this Court adjudge that Petitioner is not liable for any injuries, losses, expenses or damages arising from the incident; or,

(2)     If Petitioner is adjudged liable that such liability be limited to the value of their interest in the Vessel in the maximum amount of $24,500 and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the

above-mentioned statutes among such claimants as may duly prove their claims,

saving to all parties any priorities to which they may be legally entitled, and that a

decree may be entered discharging Petitioner from all further liability.

(3)     That this Court issue an Order to include the following:

     (a)     Directing the issuance of Notice to all persons, entities and/or corporations

        asserting claims with respect to the incident which this Complaint seeks

        Exoneration from or Limitation of Liability admonishing them to file their

        respective claims with the Clerk of this Court and to serve on Petitioner's

        undersigned counsel with a copy thereof on or before a date to be

        determined in the Notice.

     (b)     Directing Petitioner to file an *Ad Interim* Security for the benefit of any

        and all claimants, the value of Petitioner's interest in the Vessel as of the

        date of the incident, with interest at the rate of 6% per annum from the

        date of said security or whenever the Court shall so order.

     (c)     Directing that upon Petitioner's filing of an *Ad Interim* Security, an

        injunction shall issue enjoining the prosecution against Petitioner, his

        representatives, insurers, and the Vessel, of any and all claims, suits,

        actions, arbitrations or proceedings, whether or not already begun, with

        respect to the incident, except in this proceeding.

(3)     That Petitioner may have such other and further relief as the justice of the cause

may require.

- 4 -

Dated: May 2, 2012
       New York, New York

                      Respectfully submitted,

                      **RUBIN, FIORELLA & FRIEDMAN LLP**
                      *Attorneys for Petitioner*
                      *Christopher J. Grace*

                        /s/ Keith A. Brady
                      James E. Mercante, Esq.
                      Keith A. Brady, Esq.
                      292 Madison Avenue
                      New York, New York 10017
                      (212) 953-2381
                      Jmercante@rubinfiorella.com
                      Kbrady@rubinfiorella.com
                      Attorneys for Petitioners

- 5 -

RUBIN, FIORELLA & FRIEDMAN, LLP
James E. Mercante, Esq.
Keith A. Brady, Esq.
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381
*Attorneys for Defendant*
*Christopher J. Grace*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT | : |
| | :Civil Action No.: 12-cv-02673 (JAP) |
| of | : |
| | : |
| CHRISTOPHER J. GRACE, as owner of a 2010 | : |
| 18.5 Sea Ray runabout motor vessel for Exoneration | : **PETITIONER'S RESPONSE TO** |
| from or Limitation of Liability, | : **CLAIMANT'S NOTICE TO PRODUCE** |
| | : |
| Petitioner. | : |
| | : |

CHRISTOPHER GRACE, the petitioner, hereby responds to claimant's Notice to

Produce, as follows

1.     Any and all documents identified by defendant in its answers to plaintiff's
Interrogatories.

      **(a)    A photocopy of petitioner's New Jersey Boating Safety Certificate.**
      **(b)    Photocopies of 13 Photographs of petitioner's boat taken in April
           2012.**

2.     Any and all documents referred to in preparing your answers to plaintiff's
Interrogatories.

    **Petitioner objects to this request on the grounds that it seeks documents and
things that are protected from disclosure by the attorney-client privilege,
attorney work-product privilege and/or the documents were prepared in**

-1-

**Exhibit E**

anticipation of litigation and claimant has not shown that she has a substantial need for the materials to prepare her case and cannot, without undue hardship, obtain their substantial equivalent by other means. Without waiving said objections, see responses to No. 1, petitioner's Statement of Loss, and NOAA Charts 12324 and 12326, copies of which can be obtained at NOAA's web site at no cost.

3.      Any and all documents which may or will be used as an exhibit at trial on any evidentiary hearing in this matter.

Petitioner objects to this demand on the grounds that discovery in this matter has just begun, petitioner has received no discovery from claimant and has not yet determined which documents it may use at trial or any evidentiary hearing.

4.      Any and all documents which have been provided to any expert or lay witness who may or will be called to testify on your behalf at a trial or any evidentiary hearing in this matter.

Petitioner has not yet identified any expert witness or lay witnesses in this action.  Petitioner will provide expert disclosures in accordance with Rule 26(a)2 of the Federal Rules of Civil Procedure.

5.      Any and all documents received from any person who may or will be called as an expert or lay witness at trial or any evidentiary hearing.

See response to #4.

6.      Any and all written or recorded statements from any party to this action pertaining to there matters alleged in the plaintiff's Complaint or the defense asserted in the defendant's Answer.

Petitioner objects to this request on the grounds that it seeks documents and things which are protected from disclosure by the attorney-client privilege, attorney work-product privilege and/or were prepared in anticipation of litigation and claimant has not shown that she has a substantial need for the materials to prepare her case and cannot, without undue hardship, obtain their substantial equivalent by other means.  Without waiving said objections, at this time, petitioner has no written or recorded statement from claimant.

7.      Any and all written recorded statements of any person(s) which relate to or which you contend relate to the matters alleged in the plaintiff's Complaint or the

-2-

defense asserted in the defendant's Answer.

**At this time, petitioner has no written or recorded statement of any person which relate to matters alleged in the claim.**

8.  Any and all investigative reports, both governmental and private, concerning the occurrences which are the subject of this action, including but not limited to any such reports by experts who are expected to be called as witnesses.

    **Petitioner objects to this request on the ground that it seeks documents subject to the attorney-work product privilge. Moreover, said request seeks documents prepared in anticipation of litigation and claimant has not shown that she has a substantial need for the materials to prepare her case and cannot, without undue hardship, obtain their substantial equivalent by other means. Without waiving said objections, at this time, petitioner has no governmental investigative report pertaining to this loss. Petitioner has a investigative report prepared by The Walters Nixon Group, Inc. dated April 26, 2012 concerning the incident alleged in the claim. Petitioner has not yet identified an expert witness and will produced his expert disclosures in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.**

9.  Any and all documents, reports, or other records which relate to or which you contend relate to the matters alleged in the plaintiff's Complaint or defenses asserted in the defendant's Answer that have been obtained from any party to this action or their agents, employers, representatives or attorneys.

    **Petitioner objects to this request on the ground that this request is too vague to determine what documents are sought. Without waiving said objection, see response #1 and documents produced by counsel for claimant pertaining to claimant's medical condition.**

10. Each and every curriculum vitae or resume prepared by your experts within the past five (5) years.

    **Petitioner has not yet identified an expert witness. Petitioner's expert responses, if any, will be produced in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.**

11. Any and all texts, treatises or articles which you intend to rely upon at trial, including those referred to by your experts and those used or to be used in the examination or cross-examination of any experts to be called by any party to this action.

**Petitioner objects to this demand on the grounds that discovery in this matter has just begun, petitioner has received no discovery from claimant and has yet to determine what text, treatises or articles it may rely upon at trial or deposition in this matter.**

12.   All accident or incident reports for the injuries sustained by the plaintiff.

**Petitioner has no documents responsive to this demand.**

13.   All reports, letters, correspondence, memoranda's, notes, etc., concerning the accident and/or injuries of the plaintiff.

**Petitioner objects to this request on the ground that the request is too vague to determine what documents are sought.  In addition, petitioner objects on the grounds that this demand seeks documents that is protected from disclosure pursuant to the attorney-client privilege, the attorney work product privilege and/or were prepared in anticipation of litigation and claimant has not shown that she has a substantial need for the materials to prepare her case and cannot, without undue hardship, obtain their substantial equivalent by other means.**

14.   All repair records for the vessel in question following the accident.

**There are no documents responsive to this demand.**

15.   All policies of insurance that cover the vessel, a copy of petitioner's homeowner's policy, and a copy of any general or umbrella policies.

**See petitioner's initial disclosures.  Petitioner had no excess, umbrella or homeowner's policy on the date of loss.**

16.   All instructions, manuals or warnings that were provided by the manufacturer of the subject vessel, or its seller.

**A search for the vessel's owner's manual is ongoing.**

17.   All Photos or other recordings made on the vessel on the date of the subject incident.

**There are no photos or other recordings made of the vessel on the date of the subject incident.**

-4-

18.     All notices of claims received by petitioner from Eileen Casey or her agents or attorneys.

**At this time, a search is ongoing to locate a document responsive to this demand.  If a responsive document is found, this answer will be updated.**

19.     Copies of all correspondence sent to or received from your any insurance carrier with regard to this claim.

**Petitioner objects to this request on the grounds that it seeks documents which are protected from disclosure by the attorney/client privilege and attorney work-product privilege. Without waiving said objection, see attached e-mail dated August 9, 2011 and Statement of Loss dated August 15, 2011.**

Petitioner reserves the right to supplement/amend the above-responses up to and

including the time of trial.


Dated: November 19, 2012
      New York, New York

                        RUBIN, FIORELLA & FRIEDMAN, LLP
                        *Attorneys for Petitioner, Christopher J. Grace*


                        By:_____
                             Keith A. Brady, Esq.
                        Rubin, Fiorella & Friedman LLP
                        630 Third Avenue, 3rd Floor
                        New York, New York 10017
                        Tel: (212) 953-2381
                        Fax: (212) 953-2462
                        Kbrady@rubinfiorella.com
                        Our File No.: 174-23882

**Ford, Bernice M.**

| | |
|---|---|
| **From:** | Ford, Bernice M. |
| **Sent:** | Tuesday, August 09, 2011 4:30 PM |
| **To:** | 'cgrace44@hotmail.com' |
| **Subject:** | 0AA 856726 - Christopher Grace - Eileen Casey |
| **Attachments:** | Christopher Grace - SOL Form.pdf |

RE:    **Christopher Grace**
       **Policy #: N5JU33731**
       **Date of Loss: July 31, 2010**
       **IMU Claim #: 0AA 856726**

Dear Mr. Grace:

We acknowledge receipt of the First Notice of Loss for alleged back injuries to Ms. Eileen Casey while riding in your boat. Please be advised that this claim has been assigned to me for handling.

I have attached a Personal Injury Statement of Loss form and ask that you complete it in full with as much detail and information regarding the claimant as possible, have it notarized and return it to my attention at your earliest opportunity. You may fax or email a copy of this completed form to my attention in order to expedite the handling of this claim, however, we do require that you forward the original hard copy of the notarized form for our records.

We have already contacted Atty. Hobbie's office in an attempt to obtain his theory of liability against you and your vessel, etc. I have left a message for his return call and hope to have additional information soon.

Should you have any questions, please don't hesitate to advise.

Sincerely,

*Bernice M. Ford*
*Sr. Claims Representative*
*International Marine Underwriters*
*3 Post Office Square, Suite 505*
*Boston, MA 02109-3906*
*ph: 617-725-6711  fax: 866-717-5888*
*bford@imu.com*

**Exhibit F**

3/27/2012

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x

IN THE MATTER OF THE COMPLAINT

             of                                  Civil Action No.:   CV

CHRISTOPHER J. GRACE                  IN ADMIRALTY
as owner of a 2010 18.5 Sea Ray
runabout motor vessel for Exoneration from    *AD INTERIM* SECURITY
or Limitation of Liability,

                    Petitioner.

-----------------------------------------------------------x

      **WHEREAS,** CHRISTOPHER J. GRACE ("Petitioner") is owner of a 2010 18.5-foot

runabout motor vessel bearing Hull Identification No.: SEAV2504C010 (hereinafter the

"Vessel") is filing a Complaint for Exoneration from or Limitation of Liability in respect to any

and all claims, losses, damages, injuries, and/or expenses asserted or to be asserted arising from a

voyage on the Shrewsbury River at or near Sandy Hook Bay at which time a guest onboard the

Vessel alleges she sustained a bodily injury on July 31, 2010, and;

      **WHEREAS,** Petitioner wishes to provide this *Ad Interim* Security in the amount of the

post-incident value of the Vessel as security for any and all claims arising from the incident as

described in the Complaint;

      **WHEREAS,** the post-incident value of Petitioner's interest in the Vessel described

above is TWENTY FOUR THOUSAND FIVE-HUNDRED DOLLARS ($24,500), as appears in

- 1 -

**Exhibit G**

**Exhibit A**, Boat Policy Declarations Page re: "Boat & Boating Equipment Limit", to the

Complaint herein;

    **NOW, THEREFORE,** in consideration of the premises, THE NORTHERN

ASSURANCE COMPANY OF AMERICA (hereinafter "NORTHERN ASSURANCE"), issuer

of a Boater's Choice Insurance Policy No.: N5JU33731 (the "Policy"), pertaining to the Vessel,

having an office and place of business at 3 Post Office Square, Boston, MA 02109, hereby

undertakes in the sum of TWENTY FOUR THOUSAND FIVE-HUNDRED DOLLARS

($24,500), with interest thereon at the rate of 6% per annum from the date hereof. If this *Ad*

*Interim* Security is contested by motion, then within thirty (30) days after entry of an Order

confirming the report of an independent marine surveyor appointed by the Court to appraise the

of the Vessel, NORTHERN ASSURANCE proceeding a *revised Ad Interim* Security conforming

to such appraised value up to the liability limits for bodily injuries in the Policy and in the

interim, this *Ad Interim* Security shall stand as security for all Claims filed in said limitation

proceeding;

    **FURTHERMORE,** solely for the limited purposes of any suit based upon this *Ad*

*Interim* Security, NORTHERN ASSURANCE hereby submits itself to the jurisdiction of this

Court and designates, James E. Mercante, Esq. of Rubin, Fiorella & Friedman LLP, 292

Madison Avenue, New York, New York 10017, its agent for service of process, and

NORTHERN ASSURANCE agrees to pay the amount awarded by the final decree rendered by

this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this

security, with interest as aforesaid. If the value of the Vessel shall have been paid into Court or a

bond or *revised Ad Interim* Security thereof shall have been given as aforesaid or Petitioner is

- 2 -

denied Limitation, this *Ad Interim* Security shall be void.

**FURTHERMORE,** this *Ad Interim* Security shall be binding only on THE NORTHERN

ASSURANCE COMPANY OF AMERICA as aforesaid.

Dated: April  , 2012

THE NORTHERN ASSURANCE COMPANY
OF AMERICA

By: _____
          Bernice Ford
          Sr. Claims Representative

Commonwealth

STATE OF MASSACHUSETTS      )
                                                        ) ss.:
COUNTY OF                               )

On this 27th day of April 2012, before me personally came Bernice Ford being duly

sworn, deposes and says that she is a Sr. Claims Representative in the Marine Insurance

Department of The Northern Assurance Company of America, the corporation described and

which executed the foregoing *Ad Interim* Security, and that she executed same pursuant to her

powers and duties.

_____
Notary Public

Terence G. Kenneally
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 25, 2014

- 3 -