## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
                                          :
IN THE MATTER OF THE COMPLAINT  :
                                          :
          of                              :        Civil Action No.:    12-cv-2673
                                          :        (JAP)(TB)
                                          :
CHRISTOPHER J. GRACE               :
as owner of a 2010 18.5 Sea Ray       :
runabout motor vessel for Exoneration  :
from or Limitation of Liability,          :
                                          :
          Petitioner.

————————————————————

## CLAIMANTS' BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**Returnable January 22, 2013**

On the Brief:

Edward R. Petkevis, Esq.
Edward R. Petkevis PC
1380 Hornberger Ave.
Roebling, NJ 08554
609-499-4300
ep@erplaw.com
EP6940

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I  FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
The Limitation of Liability Complaint Was Filed in Excess of Six Months
Following Petitioner's Receipt of Written Notice of Claim.

II  APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
The Law Requires That a Limitation of Liability Complaint That Is Filed in
Excess of Six Months from the Date of Receipt of a Written Notice of a
Claim Be Dismissed as Untimely.

III  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
The August 1, 2011, Claim Letter from Attorneys for Eileen Casey, Alleging
Spinal Injuries Suffered During the Operation the Vessel, Triggered the
Running of the Six Month Period.

IV  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
The Claimant's Motion for Summary Judgment Should Be Granted as the
Limitation Action Was Untimely Filed.

i

## TABLE OF AUTHORITIES

**Supreme Court Opinions**

<u>Sisson v. Ruby</u>, 497 U.S. 358, 110 S. Ct. 2892, 111 L. Ed. 2d 292 (1990)  ............ 3

**Federal Court Opinions**

<u>Van Le v. Five Fathoms, Inc.</u>, 792 F. Supp. 372 (1992)  ......................................... 4

**Second Circuit Opinions**

<u>In re Complaint of Okeanos Ocean Research Found.</u>, 704 F. Supp. 412 (S.D.N.Y.
      1989) ........................................................................................................... 4
<u>In re Anthony O'Boyle, Inc.</u>, 51 F. Supp. 430 (S.D.N.Y. 1943) ......................... 4, 5
<u>In re Complaint of Bayview Charter Boats, Inc.</u>, 692 F. Supp. 1480 (E.D.N.Y.
      1988) ........................................................................................................... 5

**Third Circuit Opinions**

<u>In re Complaint of Beesley's Point Sea-Doo</u>, 956 F. Supp. 538 (D.N.J. 1997) ... 4, 5

**Fourth Circuit Opinions**

<u>Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co.</u>, 107 F.2d
      373 (4th Cir. 1939) ...................................................................................... 3

**United States Code**

The Limitation of Shipowners' Liability Act, Stat. 635, 46 U.S.C. §§ 30501–30512
      (2006) ................................................................................................ 2, 3, 4, 6
Fed. R. Civ. P. 56 .................................................................................................... 1
Fed. R. Civ. P. F(1) ........................................................................................... 2, 6

Claimant, defendant in the within Limitation Action, Eileen Casey, by and through her undersigned counsel, hereby moves this Honorable Court for an order pursuant to FED. R. CIV. P. 56 dismissing the Complaint for Exoneration from or Limitation of Liability of Petitioner, Christopher Grace, with prejudice, and in support hereof avers as follows:

## I  FACTS

**THE LIMITATION OF LIABILITY COMPLAINT WAS FILED IN EXCESS OF SIX MONTHS FOLLOWING PETITIONER'S RECEIPT OF WRITTEN NOTICE OF CLAIM.**

The pertinent facts for the purposes of this motion for summary judgment are stated in claimant's Statement of Undisputed Facts as to Which There Is No Genuine Issue, and are summarized herein.  On July 31, 2010, Eileen Casey was a passenger in a motorboat owned and operated by Christopher Grace. (Exhibit D). Eileen Casey claims that she was injured during the operation of the vessel by Christopher Grace. (Exhibit D).  On August 2, 2011, the attorneys for Eileen Casey sent written notice of a claim for personal injuries to Christopher Grace. (Exhibits: A, B and C). The letter dated August 1, 2011, stated in pertinent part:

> Please be advised that this firm represents the interests of Eileen Casey with respect to injuries (including two vertebral fractures which will require her to undergo spinal fusion surgery) she sustained while on your boat (Vessel No. NJ8767 HC) on July 31, 2010.
> This shall serve as formal notification that Ms. Casey will be filing a personal injury claim related to the

> aforesaid incident. Therefore, I am requesting that you
> place your liability carrier on notice of said claim and
> instruct them to contact me as soon as possible. I am
> hereby requesting that any and all future communications
> and/or correspondence with regard to the above be
> directed to the undersigned. (Exhibit A).

The injuries alleged by Eileen Casey in the written notice of claim are two vertebral fractures which will require her to undergo spinal fusion surgery. (Exhibit B). The boat on which claimant alleges the injury occurred, as stipulated by Petitioner, has a value of $24,500.00. (Exhibit G).

The notice was sent both regular and certified mail. (Exhibits: A, B and C). Although the certified mail was returned as unclaimed, the regular mail was not, (Exhibit A and C), and the insurance carrier for Christopher Grace provided documentation confirming that it had received written notice of the claim no later than August 9, 2011.  (Exhibit F).  The complaint in limitation was not filed until May 4, 2012, (Exhibit D), which filing date was eight months and twenty-six days following confirmation of receipt of the written notice of claim.

## II  APPLICABLE LAW

**THE LAW REQUIRES THAT A LIMITATION OF LIABILITY COMPLAINT THAT IS FILED IN EXCESS OF SIX MONTHS FROM THE DATE OF RECEIPT OF A WRITTEN NOTICE OF A CLAIM BE DISMISSED AS UNTIMELY.**

Pursuant to **The Limitation of Shipowners' Liability Act, March 3, 1851, 9 Stat. 635, 46 U.S.C. §§ 30501–30512 (2006) (formerly 46 U.S.C. App. §§ 181-

189), following a loss or claim, a vessel owner may seek to limit its liability to the value of the vessel and pending freight (if any).  The Limitation of Shipowners' Liability Act applies to both commercial vessels and pleasure craft. <u>Sisson v. Ruby</u>, 497 U.S. 358, 110 S. Ct. 2892, 111 L. Ed. 2d 292, 1990 (1990).  The Limitation of Shipowners' Liability Act, 46 U.S.C. § 30511, gives the vessel owner the right to bring a civil action in a district court of the United States for limitation of liability.  However, this "action must be brought within 6 months after a claimant gives the owner written notice of a claim." The Limitation of Shipowners' Liability Act at 46 U.S.C. § 30511.  The Supplemental Rules for Certain Admiralty and Maritime Claims adhere to this requirement, and require that a complaint seeking the right to limit be filed "[n]ot later than six months after receipt of a claim in writing ... ". FED. R. CIV. P. F(1).

Courts have required strict compliance with the six-month period for commencing the limitation action following the receipt of the written claim. <u>Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co.</u>, 107 F.2d 373, 376 (4th Cir. 1939), in which the court stated: "[w]hile the purpose of the statute is to protect and encourage maritime commerce and, while statutes of this character are to be liberally construed, this liberality of construction cannot be extended so that express conditions laid down by the statute itself are waived or ignored."

As was noted in In re Complaint of Beesley's Point Sea-Doo, 956 F. Supp. 538, 540 (D.N.J. 1997), the Limitation of Shipowner's Liability Act does not require that the written notice give an actual value of the claim. Unless the claimant's have affirmatively represented that the claim amount is less than the vessel's value, a letter need not confirm that the claimant's claims exceed the value to trigger the running of the six month period.  Id. at 542. The start of the six month statutory period will begin to run once it appears that there is a reasonable possibility that the claims would exceed the value of the ship.'" Van Le v. Five Fathoms, Inc., 792 F. Supp. 372, 374 (D.N.J. 1992).  When doubt exists as to whether the claims will exceed the value of the ship, the vessel owner will not be excused from complying with the six-month time bar.  In re Complaint of Okeanos Ocean Research Found., 704 F. Supp. 412, 414 (S.D.N.Y. 1989).   In such cases, the vessel owner has the burden to investigate and seek clarification as to "'whether the amount of the claim or other claims likely to be the subject of litigation arising out of the same occurrence may exceed the value' of the vessel and its freight." Van Le, 792 F. Supp. at 374 (quoting In re Complaint of Morania Barge No. 190, Inc., 690 F.2d 32, 34 (2d Cir. 1982)).

There is no particular form for the notice of the claim that triggers the running of the six month period, but mere notice to the owner that an accident has occurred and that there has been an injury is not sufficient. In re Anthony O'Boyle,

Inc., 51 F. Supp. 430 (S.D.N.Y. 1943) (D.N.Y. 1943). Rather, the notice must "inform the owner of claimant's intention to look to the owner for damages." Id. However, the notice of the claim need not take the form of a formal complaint. In re Complaint of Beesley's Point Sea-Doo, 956 F. Supp. at 540. A letter will constitute a written notice of claim if it informs the vessel owner in writing "of an actual or potential claim, which may exceed the value of the vessel." Id. "A letter from an attorney that informs a vessel owner of the attorney's representation of a person who was injured while operating that owner's vessel and advises the owner to contact its insurance company is sufficient to put the owner on notice of a potential claim." See In re Complaint of Bayview Charter Boats, Inc., 692 F. Supp. 1480, 1485–86 (E.D.N.Y. 1988); In re Complaint of Beesley's Point Sea-Doo, 956 F. Supp. at 541.

### III  ARGUMENT

THE AUGUST 1, 2011, CLAIM LETTER FROM ATTORNEYS FOR EILEEN CASEY, ALLEGING SPINAL INJURIES SUFFERED DURING THE OPERATION OF THE VESSEL, TRIGGERED THE RUNNING OF THE SIX MONTH PERIOD.

In this action, it is unquestionable that written notice of a claim was sent in excess of six months prior to the filing of the within limitation action.  The letter was from attorneys for Eileen Casey, and informed Christopher Grace of their representation of Eileen Casey for injuries sustained while petitioner was operating the vessel. The letter further advised petitioner to contact its insurance company.

The injuries alleged are spinal fractures that will require surgery. The stipulated value of the vessel is $24,500.00. Spinal fractures that will require surgery are clearly damages that exceed the $24,500.00 value of the vessel, or at the very least, the nature of the allegations are such as to create the reasonable possibility that the claims would exceed the value of the vessel.

## IV   CONCLUSION

THE CLAIMANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED AS THE LIMITATION ACTION WAS UNTIMELY FILED

The form and content of the letter of August 1, 2011, is sufficient to put the owner on notice of a claim that exceeded the value of the vessel. The six month notice began to run August 9, 2011, at the latest. The time within which to file the limitation complaint expired six months thereafter, on February 8, 2012. The limitation complaint was not filed until May 4, 2012; as such it is untimely under both The Limitation of Shipowners' Liability Act at 46 U.S.C. § 30511, and FED. R. CIV. P. F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims and the claimant's motion for summary judgment should be granted.

/s/ Edward R. Petkevis
Edward R. Petkevis, Esq.
Edward R. Petkevis PC
1380 Hornberger Ave.
Roebling, NJ 08554
609-499-4300
ep@erplaw.com
EP6940

CERTIFICATION OF SERVICE

I, Edward R. Petkevis, Esq., counsel for claimant, Eileen Casey, certify that a copy of the claimant's motion for summary judgment, supporting memorandum and attached exhibits were served by regular mail, email, and via ECF on December 27, 2012, upon:

Keith A. Brady, Esq.
Rubin, Fiorella & Friedman, LLP
630 Third Avenue, 3rd Floor
New York, New York 10017

I certify that the foregoing statements made by me are true.  I understand that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

/s/ Edward R. Petkevis
Edward R. Petkevis, Esq.
Attorney for Claimant
Eileen Casey

December 27, 2012