**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN THE MATTER OF THE COMPLAINT :
                                     :
            OF                       :
                                       :         Civil Action No. 12-02673 (JAP)
                                       :
CHRISTOPHER J. GRACE          :         **OPINION**
as owner of a 2010 18.5 Sea Ray        :
runabout motor vessel for Exoneration    :
from or limitation of Liability         :
_____:

PISANO, District Judge.

Before the Court is Claimant Eileen Casey's ("Claimant") Motion for Summary Judgment (dkt. entry no. 10). The motion is unopposed. Petitioner Christopher Grace's ("Petitioner") failure to oppose Claimant's motion, however, does not automatically entitle Claimant to summary judgment. Rather, the Court may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate. *See Anchorage Assoc. v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990); Fed. R. Civ. P. 56(e) (holding that a district court, before granting a summary judgment motion, must first determine "whether the moving party has shown itself to be entitled to judgment as a matter of law"). Accordingly, the Court has reviewed Claimant's assertions with respect to Claimant's claims in order to determine whether she is entitled to judgment on those claims as a matter of law. The Court decides these matters without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Claimant's motion for summary judgment is granted.

## I.     Background

The Court finds that the following facts are supported the evidence of record and are

undisputed.[1]

On July 31, 2010, Claimant was a passenger on board a 2010 18.5-foot Sea Ray

motorboat that was owned and operated by Petitioner.  As the vessel proceeded on the

Shrewsbury River, a navigable waterway, towards Sandy Hook Bay, an incident occurred in

which Claimant alleges that she suffered personal injuries when the vessel encountered a wave or

wake.  Claimant retained counsel to help her pursue her claim for personal injuries.

On August 1, 2011, Claimant's attorney, Norman H. Hobbie, drafted a written notice to

Petitioner of Claimant's claim for personal injuries.  The notice stated that Claimant's attorneys

were making a personal injury claim related to the July 31, 2010 incident and requested that

Petitioner put his liability carrier on notice of the claim.  The notice stated that Claimant's

alleged injuries included two vertebral fractures, which would require her to undergo spinal

surgery.  The notice was sent to Petitioner on August 2, 2011 by regular mail and certified mail,

return receipt requested.  The certified mail was returned as unclaimed.  On August 9, 2011, a

claims representative for International Marine Underwriters, which represents Petitioner's

insurance company, wrote to Petitioner and acknowledged receipt of Claimant's claim.  The

claims representative also notified Petitioner that she had contacted Claimant's attorneys

regarding the claim.

Petitioner filed a Complaint in this Court on May 4, 2012, seeking exoneration from or

limitation on his liability to Claimant for any damages that she suffered as a result of the July 31,

2010 incident under 46 U.S.C. §§ 30501 *et seq*. and Rule F of the Supplemental Rules for

---

[1] These facts are derived from the Affidavit of Dawn Soto and the exhibits attached to the Affidavit, as well as the other filings of record in this case.

Admiralty or Maritime Claims (dkt. entry no. 1).  Petitioner also posted an *ad interim* stipulation

for value, in which he certified that the value of the vessel was $24,500.  On December 27, 2012,

Claimant filed the instant Motion for Summary Judgment, arguing that more than six months had

passed between the time Petitioner received written notice of the claim and the date on which he

filed the Complaint and therefore, his Complaint is time-barred.  Petitioner does not oppose the

motion or the relief sought.

## II.       Standard of Review

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment.

Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or

defense – or the part of each claim or defense – on which summary judgment is sought."  Fed. R.

Civ. P. 56(a).  The court "shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  *Id.*  "To be material, a fact must have the potential to alter the outcome of the case" under

governing law.  *N.A.A.C.P v. North Hudson Regional Fire & Rescue*, 665 F.3d 464, 475 (3d Cir.

2011).  For an issue to be genuine, "all that is required is that sufficient evidence supporting the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial."  *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).  On a motion for

summary judgment, "facts must be viewed in the light most favorable to the nonmoving party

only if there is a 'genuine' dispute as to those facts."  *Ricci v. DeStefano*, 557 U.S. 557, 586

(2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

### III.    Legal Discussion

Pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30511, "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter."  The procedure for a limitation of liability action is found in Supplemental Admiralty and Maritime Claims Rule F of the Federal Rules of Civil Procedure. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001) (explaining that Rule F sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability).  It is well-settled that there is a six-month time limitation for filing a complaint, which starts running when the vessel owner receives written notice of a claim.  *See* 46 U.S.C. § 30511 ("The [limitation] action must be brought within 6 months after a claimant gives the owner written notice of a claim."); *see also* Fed. R. Civ. P. Supp. F(1) ("Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court").  A letter constitutes a written notice of claim if it informs the vessel owner in writing "of an actual of potential claim, which may exceed the value of the vessel."  *In re Complaint of Beesley's Point Sea-Doo*, 956 F. Supp. 538, 540 (D.N.J. 1997).

Here, it is undisputed that Claimant provided Petitioner with written notice of her claim for damages in August 2011 and that Petitioner did not file his Complaint within the six-month time period after he received such written notice.[2]  Accordingly, his limitation action is time-barred and summary judgment will be entered in favor of Claimant.

---

[2] At the latest, the six-month period began running on August 9, 2011, the date on which a representative of Petitioner's insurance company acknowledged receipt of the claim. Accordingly, Petitioner had until February 9, 2012 to file his Complaint.  He did not file the Complaint until May 4, 2012, so the action is untimely.

**IV.**     **Conclusion**

For the foregoing reasons, Claimant's Motion for Summary Judgment will be granted.

An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: March 25, 2013